# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JIREH SERVICES CORPORATION, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-09-CV-707-XR |
| | § | |
| COOLEY CONSTRUCTORS, INC. and | § | |
| WESTFIELD INSURANCE COMPANY, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER ON MAGISTRATE JUDGE'S MEMORANDUM & RECOMMENDATION

On this day, the Court considered the Memorandum and Recommendation of the Magistrate Judge (Docket Entry No. 11). The Court referred the Defendants' motion in the above-styled and numbered cause of action to the Magistrate Judge for initial consideration and for a ruling pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge then recommended that the Court grant the Defendants' motion to compel arbitration and to stay the case. Having considered the report, the Court ACCEPTS the Magistrate Judge's memorandum and recommendation. The Defendants' pending motion to confirm an arbitration award and to stay the case (Docket Entry No. 5) is GRANTED.

### Background

Plaintiff Jireh Services Corporation d/b/a Air Jireh Services ("Air Jireh") entered into a subcontract agreement with Defendant Cooley Constructors, Inc. ("Cooley") to provide labor, material, equipment, and service in connection with additions/alterations to the ADAL Student Training Center at Laughlin Air Force Base in Del Rio, Texas. According to Air Jireh, there is an outstanding and unpaid balance of $42,411.69. Defendant Westfield Insurance Company served as

a surety to Cooley. Air Jireh filed suit against Defendants, bringing claims under the Miller Act, for breach of contract, for quantum meruit, and for attorney's fees.

## Procedural History

Air Jireh filed this suit on August 28, 2009, and amended its complaint on September 17, 2009. Five days later, Cooley and Westfield filed a motion to compel arbitration and to stay this proceeding. (Def.s' Mot. to Stay Litigation & to Compel Arbitration (Sept. 22, 2009) [Docket Entry No. 5].) The Court referred the motion to United States Magistrate Judge John W. Primomo for a report and recommendation. On November 24, 2009, Magistrate Judge Primomo provided the Court with a memorandum and recommendation for this Court's consideration. (Mem. & Recommendation (Nov. 24, 2009) [Docket Entry No. 11].) Neither party has objected.

## Legal Standard

In reviewing the Magistrate Judge's report and recommendation, the Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). As to the portions of the report that are not objected to, the Court needs only to review those portions to determine whether they are clearly erroneous or contrary to law. *Id.*; *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243, 106 L.Ed.2d 590 (1989). A party may serve and file objections to the order within ten days. FED. R. CIV. P. 72(a), (b)(2).[1] In this case, neither party has objected to the memorandum and recommendation, so the Court evaluates the memorandum and recommendation to determine if it is clearly erroneous

---

[1] This report and recommendation was provided to the Court prior to the December 1, 2009, effective date of amendments to the Federal Rules of Civil Procedure regarding the calculation of deadlines.

or contrary to law.

## Analysis

The Magistrate Judge evaluated the terms of the contract that require arbitration in accordance with 9 U.S.C. § 3. The statute reads:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . .

9 U.S.C. § 3. Air Jireh argued that changes to the contract meant that litigation could proceed contemporaneously with the arbitration. The Magistrate Judge notes: "The Federal Arbitration Act mandates that litigation of an arbitrable claim be stayed if so requested by a party to the litigation." (Mem. & Recommendation 5.) The Magistrate Judge further notes that the stay applies to all parties to the litigation even if they were not parties to the arbitration provision, and the terms of the contract require that arbitration is to take place in the city of Cooley's corporate headquarters.

In accordance with the standards of the Federal Arbitration Act, the terms of the arbitration agreement, and relevant authority, the Magistrate Judge concluded that the proceedings in this Court should be stayed and that the arbitration is to take place in the city of Cooley's corporate headquarters. This conclusions are not contrary to law nor clearly erroneous.

## Conclusion

The Court hereby ACCEPTS the Magistrate Judge's Memorandum and Recommendation and GRANTS Plaintiff's Motion to Stay Litigation and to Compel Arbitration.

It is ORDERED that this case is STAYED until the parties complete the arbitration of their dispute.

It is further ORDERED that Defendants file a status report in this case indicating the status of the arbitration proceedings in relation to its effect on this case every quarter, beginning April 1, 2010, and to notify the Court upon completion of the arbitration.

It is so ORDERED.

SIGNED this 11th day of December, 2009.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE